UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH L. PHEANIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>　　　　　Defendant. | CASE NO. 2:16-cv-01688 JLR-JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>NOTING DATE:  September 8, 2017 |

　　　This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).  This matter has been fully briefed (*see* Dkt.  13, 17, 18).

　　　After considering and reviewing the record, the Court concludes that the ALJ erred when failing to credit fully the medical opinion of Dr. Battle. Although the ALJ found that Dr. Battle relied heavily on plaintiff's subjective complaints, for this finding

the ALJ relies on the fact that Dr. Battle took note of plaintiff's subjective complaints, something that most, if not all, physicians do. The ALJ also relied on a characterization of Dr. Battle's examination as "very limited," but then erroneously finds that Dr. Battle did not mention any diminished strength when in fact Dr. Battle did observe diminished strength.

Therefore, the Court concludes that the ALJ erred when evaluating the medical evidence and that this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.

## BACKGROUND

Plaintiff, KENNETH L. PHEANIS, was born in 1976 and was 36 years old on the alleged date of disability onset of August 29, 2012. *See* AR. 235-41, 242-48. Plaintiff finished the ninth grade, has obtained his GED and is taking college classes. AR. 42, 48-51. Plaintiff has work history as a janitorial custodian, delivery driver and file clerk. *See* AR. 44-48, 332-33.

According to the ALJ, plaintiff has at least the severe impairments of "spinal disorder and obesity (20 CFR 404.1520(c) and 416.920(c))." AR. 22.

At the time of the hearing, plaintiff was living with his brother and sister-in-law in their home where his sister-in-law was the full-time caregiver for his mother. AR. 76-78.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42

U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 88, 89, 108, 109. Plaintiff's requested hearing was held before Administrative Law Judge Wayne N. Araki ("the ALJ") on June 15, 2015. *See* AR. 37-87. On July 31, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 17-36.

On October 7, 2016, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR. 1-7. *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in November, 2016. *See* Dkt. 3. Defendant filed the sealed administrative record regarding this matter ("AR.") on March 6, 2017. *See* Dkt. 10.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) The ALJ failed to weigh the medical opinions properly; and (2) The ALJ's findings at steps four and five are not supported by substantial evidence. *See* Dkt. 13, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

## (1) Did the ALJ fail to weigh the medical opinions properly?

Plaintiff contends that the ALJ erred when evaluating the medical opinion evidence, such as the contradicted opinion from examining physician, Dr. Ron M. Battle, M.D. Dkt. 13, pp. 5-10; *see also* AR. 424-25, 462-66. Defendant contends that the ALJ's failure to credit fully Dr. Battle's opinion is appropriate, noting the ALJ's finding that Dr. Battle based much of his opinions on plaintiff's subjective reports. Dkt. 17, pp. 2-5.

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Dr. Battle examined plaintiff in November, 2013, and noted, among other things, that with respect to his back, plaintiff "can only flex to 45 degrees and has increased pain with extension." AR. 424. He also observed that plaintiff was "tender over left SI joint with radiation to left buttock." *Id*. Dr. Battle observed that, with regard to plaintiff's left extremity, his "DTRs [were 2+], [and he had] decreased left big toe extensor strength and decreased sensation [in the] left dorsal foot." *Id*. Dr. Battle diagnosed plaintiff with left lumbosacral radiculopathy at L5, noting that plaintiff "may need surgical intervention." AR. 425. Dr. Battle, as noted by the ALJ, opined that plaintiff's "low back pain causes marked limitations in several functional categories and restricts [plaintiff] to sedentary

activity overall." AR. 27. Dr. Battle also indicated that plaintiff should not work at heights, but the ALJ did not discuss this opined limitation. *See id.; see also* AR. 462.

The ALJ failed to credit fully the medical opinion of Dr. Battle, giving it little weight. AR. 27. The ALJ found that Dr. Battle appeared to base much of his opinions on plaintiff's subjective reports. *See id.* The ALJ based this finding of heavy reliance by noting that Dr. Battle "cites the claimant's assertions in his report." *Id*. However, physicians frequently, if not always, note the subjective reports of patients regarding their symptoms; therefore, this fact does not demonstrate heavy reliance. Indeed, the standard form provided to Dr. Battle on which to provide his opinion included a section for plaintiff's subjective reports ("S"), a section for the objective evidence underlying the physician's opinion ("O"), a section for the physician's assessment ("A"), and finally a section for the physician's plan ("P"), following the standard "SOAP" procedure for filling out medical reports. *See* AR. 462-63.

According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v.Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the

doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)).

Here, the ALJ's reference to the fact that Dr. Battle noted plaintiff's assertions does not demonstrate that Dr. Battle's opinions are based heavily on plaintiff's subjective assertions. Indeed, Dr. Battle also noted observations he made when examining plaintiff, such as plaintiff's reduced back flexion, increased pain with extension, tenderness over the sacroiliac joint with radiation to the left buttock, and decreased extensor strength of the left big toe. AR. 462. Similarly, Dr. Battle noted the objective imaging data from plaintiff's MRI of August 24, 2012, which support his opinions regarding plaintiff's functional limitations, such as the L4-5 disc extrusion, and a L5-S1 asymmetrical broad-based disc protrusion into the inferior left neural foreman. *See* AR. 462.

For the stated reasons and based on the record as a whole, Court concludes that the ALJ's finding that Dr. Battle heavily relied on plaintiff's self-report when forming his opinions regarding plaintiff's functional limitations is not a finding based on substantial evidence in the record as a whole. *See Ryan,* 528 F.3d at 1199-1200.

When failing to credit fully Dr. Battle's opinion, the ALJ also characterized Dr. Battle's examination as "very limited," but the ALJ did not explain how range of motion testing, strength testing, sensation testing, "HEENT" testing, heart sounds testing, lung

evaluation, alertness and orientation testing, and other observations entail a "very limited" examination. *See* AR. 424.

Similarly, although the ALJ concluded that Dr. Battle's "findings are inconsistent with his assessment," this conclusion is general and also is not supported by substantial evidence in the record as a whole. The ALJ offers an example, noting that Dr. Battle "makes no mention of diminished strength or motor functioning." AR. 27 (citing AR. 424-25). However, contrary to the ALJ's finding that Dr. Battle did not mention diminished strength, Dr. Battle's examination report specifically indicates that plaintiff demonstrated "decreased left big toe extensor strength." AR. 424. Therefore, the Court concludes that the ALJ's finding that Dr. Battle did not mention diminished strength is not a finding based on substantial evidence in the record as a whole and does not support the finding by the ALJ that Dr. Battle's "findings are inconsistent with his assessment." *See* AR. 27. To the contrary, Dr. Battle found, among other things, that with respect to his back, plaintiff "can only flex to 45 degrees and has increased pain with extension;" that plaintiff was "tender over left SI joint with radiation to left buttock;" and that, with regard to plaintiff's left extremity, his "DTRs [were 2+], [and he had] decreased left big toe extensor strength and decreased sensation [in the] left dorsal foot," all of which support Dr. Battle's assessment. AR. 424.

The ALJ also notes that Dr. Battle's conclusions are contradicted by other medical opinions, however this merely lessens the standard which the Court applies when determining if ALJ's rejection of the opinion is proper. *Compare Lester*, 81 F.3d at 830-31 (When an opinion from an examining doctor is contradicted by other medical

opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record") *with Lester*, 81 F.3d at 830 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist). Although the ALJ notes that other doctors reviewed medical records, Dr. Battle also reviewed at least some of plaintiff's medical records, as he summarized some of the objective findings from plaintiff's MRI. *See* AR. 462.

Finally, although the ALJ characterizes examinations performed by other doctors as "more thorough," the ALJ provides no explanation of this finding nor any citation to the record in support of this characterization. *See* AR. 27. Furthermore, as just discussed, the ALJ's finding regarding Dr. Battle's examination being "very limited" was based on an erroneous interpretation of what was contained in Dr. Battle's examination record, as the ALJ explicitly found that Dr. Battle "makes no mention of diminished strength," when Dr. Battle mentions exactly that. *See id.; see also* AR. 424, 462. Dr. Battle's examination apparently was at least somewhat more thorough than the ALJ thought that it was. Therefore, the Court cannot rely on the ALJ's findings, which are not based on substantial evidence, to affirm the ALJ's rejection of the medical opinion of examining physician, Dr. Battle.

For the reason stated and based on the record as a whole, the Court concludes that the ALJ did not offer specific and legitimate reasons based on substantial evidence in the record as a whole for giving the medical opinion of Dr. Battle only little weight. The

Court also concludes that the ALJ's error in the evaluation of Dr. Battle's opinion is not harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, Dr. Battle opined that plaintiff was limited to sedentary work, should not work at heights, and had marked limitations ("very significant interference") in multiple basic work activities such as sitting, standing, walking, lifting, carrying, and handling, including being able to lift only 10 pounds maximum. AR. 462-63. In contrast, the ALJ found that plaintiff could perform "light work," could lift and carry 20 pounds occasionally and 10 pounds frequently, and could sit, stand, or walk for six hours each

day. AR. 23. Crediting fully the medical opinion of Dr. Battle would change the assessment of plaintiff's residual functional capacity, affecting which jobs plaintiff would be capable of and therefore affecting the ultimate determination regarding whether or not plaintiff is disabled.

Therefore, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting the [medical opinion of Dr. Battle], could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). Therefore, the Concludes that the error is not harmless and that this matter should be reversed and remanded for further administrative proceedings, as requested by plaintiff.

**(2) Were the ALJ's findings at steps four and five supported by substantial evidence?**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. As a necessity, steps four and five of the sequential disability evaluation procedure must be evaluated anew following remand of this matter.

CONCLUSION

The ALJ erred when evaluating the medical opinion evidence provided by examining physician, Dr. Battle. Although the ALJ relied on Dr. Battle's notation of plaintiff's complaints, it is extremely common for examining physicians to take note of patients' symptoms. This does not indicate heavy reliance on the subjective complaints over the doctor's observations and other objective medical evidence. The ALJ also erred by finding that Dr. Battle did not observe diminished strength.

Based on the stated reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. **JUDGMENT** should be for **plaintiff** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 8, 2017**, as noted in the caption.

Dated this 11th day of August, 2017.

J. Richard Creatura
United States Magistrate Judge